JAMES B. DIBELKA

*v.*

STATE OF ILLINOIS.

*Opinion filed May 22, 1923.*

CONTRACT—*when State liable for architectural services.*     Where services have been rendered and expense incurred by an architect in drawing plans and specifications for State projects, and they are accepted by the State, although the work contemplated by the State is not completed, the State is liable to the architect for a reasonable per cent on the estimated work and the expenses incurred in preparing the plans and specifications.

Edward J. Brundage, Attorney General, for State.

This is a claim filed to recover for services rendered for the defendant of the State of Illinois on account of architectural services in construction work for the State of Illinois. It appears from the declaration of the claimant that services were rendered as shown by claimant's Exhibit A, which exhibit indicates an account for services rendered over a considerable period of time. There is no objection made on the part of the defendant by its Attorney General as to the truth of these items as shown by Exhibit A. By this exhibit it appears that the State is liable for expense in the sum of $2,441.33; it further appearing that claimant as an architect drew plans and specifications for State projects, one for roadways and side walks, entrance gates and exterior wiring at the Epileptic Colony at Dixon, Illinois, estimated to cost $135,-000.00, and one at the State Hospital at Alton, Illinois, consisting of two custodial buildings, entrance gates, road ways, and sidewalks, estimated cost $338,000.00.

It appears from the evidence offered that the actual overhead expenses necessary in the preparation of plans and specifications for those two projects would be at least $10,000.00, and it further appearing that the claimant demanded two and one-half percent for services rendered in this connection under the Statute, and after an opinion had been filed by the Attorney General objecting to the two and one-half percent on account of the fact that the work was not fully completed as contemplated by the Statute, and that in view of the evidence that the expenses incurred by the claimant in preparing the plans and specifications did not exceed two percent, and it further appearing that no objections are made on the part of the defendant by its Attorney General as to the accuracy and justice of the two percent allowances for expenses incurred for the Alton and Dixon projects, and that the two percent allowance for expenses would amount to $9,460.00, and that this amount, together with the amount hereinbefore indicated to be allowed claimant on general expenses would make a total due the claimant on the merits of his claim $11,901.33. It is therefore recommended that the claimant be allowed the sum of $11,901.33 in full satisfaction for his claim.